[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2005
THOMAS K. KAHN
CLERK

No. 04-11220

D.C. Docket No. 03-00357-CR-J-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANICE JOSEPHINE ROGERS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Alabama

(April 18, 2005)

Before BLACK and WILSON, Circuit Judges, and NANGLE*, Senior District Judge.

PER CURIAM:

---

* The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

# I. Introduction

Defendant Janice Rogers, convicted of possessing with the intent to distribute in excess of five grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), appeals the district court's denial of her motion to suppress a search of her person. We reverse.

# II. Standard of Review

This court reviews questions of law regarding a district court's denial of a motion to suppress *de novo*. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). Findings of fact are reviewed for clear error. *United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000).

# III. Facts

On August 18, 2000, a search warrant was issued for the residence of Hal Atchley. (RII-45 at 4) Prior to conducting the search, the officers were advised that Atchley had a history of violence and resisting arrest. *Id.* at 4-5. The officers were also told that Atchley's girlfriend, ostensibly defendant Rogers, might be present at the scene of the search. (RII-45 at 4)

Upon arriving at Atchley's trailer, the officers knocked but received no response. *Id.* at 6. The officers then entered the trailer and encountered Rogers, who was in the bedroom. *Id.* Rogers was immediately ordered down at gunpoint and

handcuffed for the officers' safety. *Id.*

Officer Terry McCrackin observed a "large bulge" in defendant's pocket and proceeded to reach directly into defendant's pockets and remove the bulge along with the other contents of defendant's pockets, laying the items on the bed. *Id.* McCrackin testified that he had not formed any opinion as to what the bulge was, that he had no idea whether it was a gun or knife or posed any threat to him, but thought it was a "possibility." *Id.* at 11-12. He also testified, however, that he had been involved in over one hundred searches of methamphetamine labs and had learned to anticipate a number of risks, including booby traps, chemicals, and weapons. *Id.* at 9-10.

The items removed from defendant's pockets included two individually wrapped packages in black electrical tape, comparable in size to a cigarette lighter but slightly bigger in width, containing pills and a powdery substance. *Id.* at 9. The substances were later tested and found to be methamphetamine. *Id.* The officers did not find a methamphetamine lab on the premises, but they did find a burn pile with fuel cans and tubes behind the trailer. (RIII-45 at 91-92)

Rogers was indicted on August 4, 2003 (RI-1) and filed her motion to suppress on August 14, 2003. (RI-7) The district court initially declined to permit the use of the evidence under a *Terry*-stop theory. (RI-45 at 21-22) *See Terry v. Ohio*, 392 U.S.

1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).  The prosecutor suggested, however, that the evidence was also permissibly seized under *United States v. Young*, 909 F.2d 442 (11th Cir. 1990), and the district court eventually allowed the evidence, with the following discussion:

> Well, I'll tell you it's a tough question because *Ybarra* is not right on point and *Young* is not right on point.  And *Gray*, the *United States v. Gray*, which the Eleventh Circuit cites in *Young*, is not right on point.
> I'm going to deny the motion based on everything I've heard today.  All right.  I'll - based on the reading of these three cases together, I'm going to deny the motion.
> The Eleventh Circuit is pretty - although in the *Young* case they ended up talking about exigent circumstances, and I do not find that here, they still refer to the dissenting opinion of *Ybarra* and refer to *Gray*, which dealt with searching a jacket.  So I'm going to deny the motion.

(RI-45 at 24)

## IV. Discussion

In *Terry v. Ohio*, the Supreme Court held permissible under the Fourth Amendment an officer's patdown of persons he had reasonable articulable suspicion were armed and posed a threat to the officer.  392 U.S. 1, 29-30, 88 S. Ct. 1868, 1884 (1968).  The district court in this case made an express finding that the government's evidence did not establish the basis for a *Terry* patdown, stating that the officer "didn't frisk her until after she was handcuffed .....I haven't heard of any perceivable danger from the government's proof." (RI-45 at 21) The court then decided to

4

"scratch *Terry* ... [as] not applicable." *Id.* at 22. The district court's factual findings were not clear error. Accordingly, the search of Rogers was not permissible under *Terry*.

Appellee's reliance on *Young* is unfounded as well. In *Young*, this Court permitted the search of a purse due to exigent circumstances, which are not present in this case. *See Young*, 909 F.2d at 443-44. As for the relationship test discussed in dicta in *Young*, although we may choose to apply that test in a future case, the facts of this case do not lend themselves to its application because the search here was of a person rather than of the person's effects. *See id.* at 444-45.

## V. Conclusion

Thus, we **REVERSE** the district court's denial of Rogers' Motion to Suppress and **REMAND** the case to the district court for further proceedings consistent with this opinion.