[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2006
THOMAS K. KAHN
CLERK

No. 05-12944
Non-Argument Calendar

_____

D. C. Docket No. 04-00546-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL DAVIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 29, 2006)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Samuel Davis, Jr. appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Davis asserts the following arguments on appeal: (1) the district court erred by denying his motion to suppress evidence because law enforcement officers detained him without reasonable suspicion; (2) 18 U.S.C. § 922(g) is unconstitutional on its face and as applied to him; and (3) the district court clearly erred by denying him a reduction for acceptance of responsibility. We affirm Davis's conviction and sentence.

## I. DISCUSSION

A. *Motion to Suppress*

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts de novo. *See United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000). The facts must be construed in the light most favorable to the party prevailing in the district court. *United States v. Santa*, 236 F.3d 662, 668 (11th Cir. 2000).

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ." Generally, evidence seized in violation of the

2

Fourth Amendment may not be introduced into evidence. *See Terry v. Ohio*, 88 S. Ct. 1868, 1884 (1968). However, law enforcement officers may, consistent with the Fourth Amendment, "stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity, even though probable cause is lacking." *United States v. Williams*, 876 F.2d 1521, 1523 (11th Cir. 1989) (citing *Terry*, 88 S. Ct. at 1884). "[R]easonable suspicion, like probable cause, is not 'readily, or even usefully, reduced to a neat set of legal rules.'" *United States v. Sokolow*, 109 S. Ct. 1581, 1585 (1989). Reasonable suspicion is "considerably less than proof of wrongdoing by a preponderance of the evidence" and less than probable cause. *Id.* The "reasonable suspicion" must be more than an "inchoate and unparticularized suspicion or 'hunch.'" *Id.* (citation omitted).

"Reasonable suspicion is determined from the totality of the circumstances, and from the collective knowledge of the officers involved in the stop." *Williams*, 876 F.2d at 1524 (internal citation omitted). The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 88 S. Ct. at 1880. "Such facts may be derived from 'various objective observations, information from police reports, if such are available, and consideration of the modes or patterns of operation of certain kinds of lawbreakers.'" *Williams*, 876 F.2d at 1524 (citation

omitted).  Also, "[a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity."  *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000).

In *Florida v. J.L.*, the Supreme Court stated:

Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity.  As we have recognized, however, there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.

120 S. Ct. 1375, 1378 (2000) (internal quotations and citations omitted).  The Supreme Court also held the presence of an individual matching the physical description given by an anonymous tip in the area indicated by the tip is insufficient, standing alone, to establish reasonable suspicion.  *Id.* at 1379.

The district court did not err by denying Davis's motion to suppress evidence because reasonable suspicion supported Davis's detention.  As an initial matter, although Davis notes the dispatcher informed Deputy McClusky the burglary suspect was sitting in a burgundy, two-door Saturn with license plate number 298JII, and a white female with red hair was sitting in the driver's seat, Deputy McClusky testified (1) he did not recall whether the dispatcher had given him a description of the vehicle involved in the burglary, and (2) he was having a

4

hard time hearing his radio because the area he was in was experiencing the effects of Hurricane Francis. In any event, the record demonstrates Deputy McClusky and Sergeant Noordzy had a reasonable suspicion that Davis was involved in the burglary at the time Deputy McClusky questioned Davis, given the following: (1) Deputy McClusky and Sergeant Noordzy testified they arrived at the scene of the suspected burglary within minutes of the receipt of the 911 call; (2) Deputy McClusky testified the dispatch report indicated a car suspected of being involved in the burglary was still parked in front of the trailer, and Davis's car was located approximately 10 to 15 feet in front of the trailer; (3) after hearing a tape of the transmission between the dispatcher and Deputy McClusky, Sergeant Noordzy testified there was not a vehicle with occupants at the trailer matching the description of the vehicle described by the dispatcher; and (4) Sergeant Noordzy testified the driver of Davis's car informed him that the driver had just picked up Davis, who is a black male, and that his dispatch screen had reported a witness had observed a black male crawling through the window of the trailer. Although Davis asserts his detention could not be based on his matching "a vague racial description," the record shows Sergeant Noordzy did not order Deputy McClusky to question Davis based solely on his matching the racial description of the individual seen crawling through the window of the trailer, given that Davis's

5

vehicle was the only occupied vehicle parked in front of the trailer and that the driver informed Sergeant Noordzy he had just picked up Davis. *See J.L.*, 120 S. Ct. at 1379. Additionally, with respect to Davis's contention the 911 call was not sufficiently reliable to support his detention, the record shows Sergeant Noordzy did not order Deputy McClusky to question Davis based solely on the information provided by the 911 caller, because Sergeant Noordzy testified he ordered Deputy McClusky to question Davis after he spoke to the driver of Davis's car as part of his investigation of the burglary. Because law enforcement officials had reasonable suspicion Davis was involved in the suspected burglary, the district court did not err by denying Davis's motion to suppress the firearm the deputies recovered from Davis.

B. *Unconstitutionality of § 922(g)*

Although Davis recognizes we previously have rejected constitutional challenges to § 922(g), he states he raises this argument primarily for purposes of *en banc* or *certiorari* review. Davis contends § 922(g) is facially invalid, as it fails to limit its application only to conduct substantially affecting interstate or foreign commerce, as opposed to purely intrastate commerce, and does not require a showing the possession in question "substantially" affects interstate commerce. Davis further argues because his purely intrastate possession of the firearm did not

6

affect interstate commerce in any way, his conviction falls outside of Congress's Commerce Clause power.

We have rejected the argument that § 922(g)(1) exceeds Congress's Commerce Clause power, reasoning the felon-in-possession statute has an express jurisdictional element, which would "ensure" the firearm possession in question affects interstate commerce. *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996). Because we have rejected the argument that § 922(g)(1) exceeds Congress's Commerce Clause power, Davis's facial and as-applied constitutional challenges fail.

## C. *Acceptance of Responsibility*

We review for clear error a district court's determination of acceptance of responsibility. *United States v. Singh*, 291 F.3d 756, 764 (11th Cir. 2002). The Guidelines provide for a two-level decrease in a defendant's base offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The commentary to § 3E1.1 explains:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for

7

example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, comment (n.2).

The district court did not clearly err by denying Davis a two-level reduction for acceptance of responsibility. Although the commentary to § 3E1.1 provides a defendant may be entitled to a reduction to his base offense level for acceptance of responsibility if he goes to trial to assert and preserve issues that do not relate to his factual guilt, the commentary also notes that, in such an instance, the determination of whether a defendant has accepted responsibility will be based primarily upon his pre-trial statements and conduct. In the instant case, Davis's pre-trial statements and conduct demonstrate he failed to accept responsibility for his commission of the instant offense. Deputy McClusky testified that, during his encounter with Davis, Davis (1) gave him a false name, (2) failed to acknowledge he had a gun in his pocket, and (3) violently resisted arrest. Although Davis did not contest, during either the suppression hearing or his trial, that he was a convicted felon, he was in possession of the firearm in question, or he knew it was unlawful for him to be in possession of the firearm, Davis's attorney

8

acknowledged, during the sentencing hearing, that Davis did not answer all of the probation officer's questions during his pre-sentence interview and Davis did not cooperate with the Government. Although Davis admitted his guilt and expressed remorse at the sentencing hearing, Application Note 2 to § 3E1.1 notes the primary area of focus in a case where a defendant proceeds to trial in order to preserve issues that do not relate to his factual guilt is a defendant's pre-trial statements and conduct. As noted above, Davis's pre-trial statements and conduct failed to demonstrate he accepted responsibility for the instant offense.

Finally, Davis's assertion the district court violated his due process rights by failing to grant him a reduction for acceptance of responsibility as a result of his exercise of his Fourth, Fifth, and Sixth rights Amendment is without merit. Although the district court stated Davis would have received the reduction if he had pled guilty, the court later stated Davis may have been entitled to the reduction if he had pled guilty after it denied his motion to suppress. Thus, a review of the record demonstrates the district court denied Davis the reduction based on its finding that Davis's pre-trial statements and conduct did not demonstrate he accepted responsibility for the instant offense and not based on Davis's exercise of his constitutional rights.

## II.  CONCLUSION

The district court did not err in denying Davis's motion to suppress or a sentencing reduction for acceptance of responsibility.  Additionally, 18 U.S.C. § 922(g) is constitutional.  Thus, we affirm Davis's conviction and sentence.

**AFFIRMED.**