[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11752
Non-Argument Calendar

_____

D. C. Docket No. 04-00386-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYHEEME SUNI NESBITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 19, 2006)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ryheeme Suni Nesbitt appeals his conviction and sentence following a jury trial for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). Nesbitt asserts the district court erred by denying his motion to suppress post-arrest statements he made to detectives that he claims were in violation of his *Miranda* rights to silence and counsel. *See Miranda v. Arizona*, 86 S. Ct. 1602 (1966). Specifically, Nesbitt maintains the detectives induced him into cooperating by assuring him that he had a meritorious self-defense claim.

We review a district court's denial of a motion to suppress under a mixed standard of review, reviewing the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000). All facts are construed in a light most favorable to the successful party. *United States v. Behety*, 32 F.3d 503, 510 (11th Cir. 1994).

*Miranda*, 86 S. Ct. at 1612, guarantees the right against self-incrimination by ensuring the accused's right to remain silent and right to have counsel present during custodial interrogation. "The law in this area is clear: once an accused requests counsel, the officer cannot ask questions, discuss the case, or present the accused with possible sentences and the benefits of cooperation." *United States v. Gomez*, 927 F.2d 1530, 1539 (11th Cir. 1991). An accused waives his previously asserted right to silence or right to counsel when he reinitiates conversation with

2

law enforcement officers. *Henderson v. Singletary*, 968 F.2d 1070, 1072-73 (11th Cir. 1992). "However, [] where the accused initiates a conversation after a request for counsel, an officer's explanation of the investigation and the possibility of cooperation" is not improper. *Gomez* at 927 F.2d at 1537.

In the instant case, Nesbitt initiated conversation with the detectives when they asked him for his shoes, then voluntarily questioned the officers about self-defense, thereby waiving his *Miranda* rights. The district court did not clearly err in finding that (1) Nesbitt reinitiated conversation with the detectives; and (2) the detectives did not induce Nesbitt into cooperating by implying that he had a meritorious self-defense claim.

Nesbitt also argues that the imposition of his sentence violated the *Ex Post Facto* Clause. Nesbitt acknowledges that this Court rejected similar arguments in *United States v. Duncan*, 400 F.3d 1297, 1306-07 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005), and *United States v. Thomas*, 446 F.3d 1348 (11th Cir. 2006), but submits this argument to preserve the issue for further appellate review. The district court did not sentence Nesbitt in excess of the statutory maximum in effect at the time of the conduct and therefore did not violate the *Ex Post Facto* clause.

Upon review of the record on appeal and consideration of the parties' briefs, we have determined the district court did not err.

**AFFIRMED.**