[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14698

Non-Argument Calendar

_____

MICHAEL GORDON WATSON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:19-cv-01112-WWB-DCI,
6:17-cr-00283-RBD-DCI-1

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Michael Watson appeals the district court's denial of his 28 U.S.C. section 2255 motion which had collaterally attacked his criminal sentence. Watson claimed that his trial counsel was ineffective because counsel didn't raise a viable suppression issue related to the traffic stop that led to Watson's arrest. We affirm.

## I.

Watson pleaded guilty to possessing meth and marijuana with the intent to distribute them and possessing a firearm in furtherance of the drug trafficking crime. He now contends his plea was involuntary and unknowing because counsel failed to raise with him or the district court that evidence from his traffic stop may have been seized in violation of the Fourth Amendment. Watson asserts there was no reasonable suspicion drugs were in his car, and it was therefore unconstitutional for law enforcement to prolong his traffic stop for driving with a suspended license to wait for a canine unit. The district court rejected these arguments and denied the section 2255 motion without holding a hearing. It found Watson's ineffective assistance claim was barred by his guilty plea, and, even if it hadn't been barred, it failed on the merits.

## II.

When reviewing a district court's order denying a section 2255 motion, we review legal conclusions de novo and factual findings for clear error. *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc). Whether counsel was ineffective presents a mixed question of fact and law that is reviewed de novo. *Payne v. United States,* 566 F.3d 1276, 1277 (11th Cir. 2009).

## III.

We agree with the district court that Watson's motion fails. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). But a defendant doesn't voluntarily and knowingly plead guilty when his counsel rendered ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 56–60 (1985). "[W]here a petitioner faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of *Strickland* turn on the viability of the motion to suppress." *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015); *see also Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must . . . prove that his Fourth Amendment claim is meritorious . . . .").

The district court correctly concluded Watson's Fourth Amendment claim was not viable. Even accepting Watson's factual description of the incident as true, the officer had reasonable suspicion there were drugs in the car, justifying a prolonged stop. First, after approaching Watson's vehicle, the officer confirmed he was driving with a suspended license. *See United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999) ("A variety of factors may contribute to the formation of an objectively reasonable suspicion of illegal activity. . . . [A]mong those are driving with a suspended license." (quotation omitted)). Second, the officer noticed Watson appeared nervous. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion."). Third, when asked if had past arrests,[1] Watson admitted he had previously been arrested for trafficking methamphetamine. *See United States v. Bishop*, 940 F.3d 1242, 1249 n.4 (11th Cir. 2019) (although it carries less weight, "when viewed in totality with the other relevant factors, knowledge of a defendant's criminal history" may contribute to reasonable suspicion). Fourth, the officer noticed boxes of sandwich bags on the

---

[1] In *United States v. Campbell*, we held that questions asked during a traffic stop may be unlawful if they (1) are unrelated inquires aimed at investigating other crimes, (2) add time to the stop , and (3) lack reasonable suspicion. 26 F.4th 860, 885 (11th Cir. 2022) (en banc), *cert. denied*, No. 21-1468, 2022 WL 4651666 (Oct. 3, 2022). Here, Watson's arrest history was related to the traffic stop's purpose. It could shed insight on whether he had knowledge of his suspended license. *See* Fla. Stat. § 322.34(3). And, if he drove with a suspended license "knowingly," greater penalties applied. *Id.* § 322.34 (1)–(2).

car floorboard.  *See United States v. Mercer*, 541 F.3d 1070, 1076 n.10 (11th Cir. 2008) (noting that an officer "testified that, based on his experience, a large number of smaller baggies 'usually means that somebody is fixing to distribute [drugs] into smaller baggies to make purchase of it, to make sales'") (alteration in original)); *United States v. Perry*, 14 F.4th 1253, 1261, 1275 (11th Cir. 2021) (characterizing "numerous boxes of sandwich baggies" as "drug paraphernalia").

Any of these four facts alone may not have amounted to reasonable suspicion.  *See, e.g., Brent v. Ashley*, 247 F.3d 1294, 1302 (11th Cir. 2001) ("[N]ervousness, standing alone, cannot provide 'reasonable suspicion' . . . .").  But that is not our analysis. "We may not consider each fact only in isolation, and reasonable suspicion may exist even if each fact 'alone is susceptible of innocent explanation.'" *United States v. Bautista-Silva*, 567 F.3d 1266, 1272 (11th Cir. 2009) (quoting *United States v. Arvizu*, 534 U.S. 266, 277 (2002)).  From the collective facts, "a trained officer draws inferences and makes deductions—inferences and deductions that might well elude an untrained person." *United States v. Cortez*, 449 U.S. 411, 418 (1981).

The totality of the circumstances gave the officer "a minimal level of objective justification"—in other words, reasonable suspicion—to believe contraband was in the car and to prolong the stop to await the arrival of a canine unit to investigate further. *United States v. Perkins*, 348 F.3d 965, 970 (11th Cir. 2003).  That the officer may have finished issuing Watson's ticket for driving with a

suspended license before calling for the canine unit doesn't render the detention unconstitutional. *See United States v. Hernandez*, 418 F.3d 1206, 1212 n.7 (11th Cir. 2005) (underlining "that police are not constitutionally required to move at top speed or as fast as possible," and ruling fifty-minute detention permissible where officer had to call for a canine unit). Nor does the fact that Watson was placed in the back of the police car for forty-five minutes while awaiting the unit's arrival. *See United States v. Gil*, 204 F.3d 1347, 1350–51 (11th Cir. 2000) (upholding under *Terry* a seventy-five-minute, handcuffed detention in the back of a police car); *United States v. Street*, 472 F.3d 1298, 1307 (11th Cir. 2006) (permitting sixty-minute detention under *Terry*).

Even if the detention as a whole lasted longer than reasonable for a suspended license traffic stop, the facts that arose during the suspended license portion of the stop—confirmation of suspended license driving, nervousness, a prior drug arrest, and boxes of plastic baggies—established reasonable suspicion that an additional crime was being committed and justified prolonging the detention to investigate. *See Hernandez*, 418 F.3d at 1206 (holding that when officer conducting a traffic stop developed "reason to suspect that he was not dealing with just a speeding case" he then had "reason to detain [d]efendant longer than perhaps a traffic stop, in itself, would allow"); *see also Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (explaining that officers may prolong traffic stops when they have reasonable suspicion).

## IV.

Because Watson's Fourth Amendment claim was not viable, his counsel's failure to raise it with him and the district court didn't constitute ineffective assistance of counsel nor render his guilty plea involuntary or unknowing.  The district court properly denied his section 2255 motion.[2]

**AFFIRMED.**

---

[2] Our certificate of appealability encompassed whether Watson was entitled to an evidentiary hearing on his motion.  He was not because his alleged facts, even if true, conclusively showed he was not entitled to relief. *See Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) ("The district court is not required to grant a petitioner an evidentiary hearing if the [section] 2255 motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." (quotation omitted)).