**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10266

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ERNELL SHAW,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60021-RKA-1

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Ernell Shaw appeals his conviction of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and his sentence of 300 months' imprisonment. Shaw argues that (1) the district court

erred by concluding that § 922(g)(1) is not unconstitutional under the Second Amendment pursuant to *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024); (2) the district court erred by denying his motion to suppress statements that he made to officers without receiving the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966); and (3) his sentence is substantively unreasonable. After review,[1] we affirm.

## I.  BACKGROUND

On March 8, 2022, officers of the Broward County Sheriff's Office stopped a car driven by Shaw because the windows were heavily tinted, he did not make a complete stop at a stop sign, and he parked next to a no-parking sign by a school.[2] Before initiating the stop, the officers learned by running his license plate number that Shaw had a criminal history of violent offenses involving firearms. After initiating the stop, one of the officers approached the driver's side window of Shaw's car. Shaw rolled down his window, and the officer observed Shaw "manipulating something to the rear of his pants" such that "it was obvious that he was trying to conceal

---

[1] "We review challenges to the constitutionality of a statute *de novo*." *United States v. Dubois*, 139 F.4th 887, 890 (11th Cir. 2025). "On a district court's denial of a motion to suppress, we review its findings of fact only for clear error and its application of law to those facts *de novo*." *United States v. Acosta*, 363 F.3d 1141, 1144 (11th Cir. 2004). "We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances." *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023).

[2] The parties do not contest the facts of the stop.

something" behind his back.  The officer also smelled "a strong odor of burning cannabis coming from the vehicle."

After receiving Shaw's ID and confirming his identity, including a more detailed criminal history, the officer asked Shaw to step out of his car.  Shaw complied and, as soon as he got out of the car, he told the officers that he had marijuana in his pocket.  The officer directed Shaw to the back of the car, and Shaw repeated that he had marijuana in his back pocket.  The officer told Shaw, "You're not in trouble. I'm gonna detain you."  The officer went to handcuff Shaw, but Shaw pulled away, in response to which the officer pinned his body against Shaw until another officer assisted in handcuffing him.  The officer searched Shaw's back pockets and found two baggies of marijuana.

At that time, Shaw was surrounded by four officers but was not told that he was under arrest.  One of the officers then asked Shaw if he had anything in his car.  Shaw responded that there was a gun underneath the driver's side seat.  The officers moved Shaw away from the car and opened its rear doors, at which time they saw a gun sticking out of the back of the driver's side seat.  The officers also found a magazine of ammunition in Shaw's pocket.  After that, Shaw was transported to jail.

Shaw was indicted with a single count of felon in possession of a firearm under § 922(g)(1).  Shaw moved to suppress the evidence obtained during the March 8, 2022, stop as well as his statements about the gun during the stop, which the district court denied.  He also moved to dismiss the indictment on the ground that

§ 922(g)(1) was unconstitutional under the Second Amendment, which the court also denied. A jury found Shaw guilty on the single count.

Shaw's guideline range was initially calculated to be 188 to 235 months. However, the Government moved for an upward departure under U.S.S.G. § 4A1.3(a) on the ground that the guideline range did not properly account for Shaw's criminal history, and it also sought an upward variance. The district court granted the Government's motion for an upward departure, increasing Shaw's guideline range to 235 to 293 months. The court also varied upward and sentenced Shaw to 300 months' imprisonment.

Shaw appealed from the final judgment.

## II. DISCUSSION

*A. Constitutionality of 18 U.S.C. § 922(g)(1)*

Shaw first argues that § 922(g)(1) is unconstitutional under the Second Amendment. Specifically, he argues that our decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in which we held that § 922(g)(1) comports with the Second Amendment, has been abrogated by two recent Supreme Court Second Amendment decisions, *Bruen* and *Rahimi*. This argument is foreclosed by binding precedent.

In *United States v. Dubois*, we held that *Rozier* was not abrogated by *Bruen* and so the prior panel precedent rule required us to conclude that § 922(g)(1) was constitutional under the Second Amendment. 94 F.4th 1284, 1291-1293 (11th Cir. 2024) (*Dubois I*).

The Supreme Court vacated *Dubois I* and remanded for further consideration in light of *Rahimi*, which it decided after *Dubois I* was issued. *Dubois v. United States*, 145 S. Ct. 1041 (2025). On remand, we held that *Rozier* was not abrogated by either *Bruen* or *Rahimi* and so it was still binding precedent. *United States v. Dubois*, 139 F.4th 887, 890-94 (11th Cir. 2025) (*Dubois II*).

Based on *Rozier* and *Dubois II*, we are bound by the panel precedent rule to conclude that § 922(g)(1) is constitutional under the Second Amendment. *See Rozier*, 598 F.3d at 770-71; *Dubois II*, 139 F.4th at 890-94; *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("Under our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc."). Therefore, the district court did not err by denying Shaw's motion to dismiss.

## B. Suppression

Next, Shaw argues that the district court erred by denying his motion to suppress the statements he made about the gun during the March 8, 2022, stop. Specifically, he asserts that the officers who conducted the stop elicited the statements without providing *Miranda* warnings, which was required because he was in custody at the time he made the statements. Shaw does not contest that the investigative stop was valid under *Terry v. Ohio*, 392 U.S. 1 (1968), or that the officers had probable cause to arrest him, so the only issue before us is whether Shaw was in custody by the time he made the statements about the gun such that *Miranda* warnings

were required before the officers could elicit the statements from him.

"[T]he right to *Miranda* warnings attaches when custodial interrogation begins." *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006). "A defendant is in custody for the purposes of *Miranda* when there has been a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *Id.* (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). Whether an individual is "in custody prior to his formal arrest depends on whether under the totality of the circumstances, a reasonable man in his position would feel a restraint on his freedom of movement to such extent that he would not feel free to leave." *Id.* (quotation marks omitted). A *Terry* investigative stop does not necessarily constitute custody for purposes of *Miranda*; *Miranda* warnings may be required during a *Terry* stop if it involves a "highly intrusive coercive atmosphere" such that a reasonable person would feel that, for example, he is "utterly at the mercy of the police, away from the protection of any public scrutiny," or compelled to confess. *United States v. Acosta*, 363 F.3d 1141, 1148-50 (11th Cir. 2004) (quotation marks omitted) (citing *Berkemer v. McCarty*, 468 U.S. 420 (1984)).

Shaw contends that the March 8, 2022, investigative stop evolved into *Miranda* custody. Considering the totality of the circumstances of the stop, we conclude that Shaw was not in custody for purposes of *Miranda* when he made the statements about the gun.

We apply four non-exclusive factors in determining when and if a *Terry* stop becomes an arrest: "the law enforcement purposes served by the detention, the diligence with which the police pursue the investigation, the scope and intrusiveness of the detention, and the duration of the detention." *Id*. at 1146 (quotation marks omitted). All of these factors indicate that the March 8, 2022, stop remained a *Terry* stop at the very least up until Shaw made the statements about the gun.

As to the first factor, all of the officers' actions during the relevant portion of the stop were "designed to lead to a quick and non-intrusive resolution of [their] reasonable suspicions." *See id*. After checking his ID, the officers promptly asked Shaw to get out of his car and asked him whether there was anything in the vehicle because they smelled marijuana, observed Shaw attempting to hide something behind his back, and knew that Shaw had a criminal history of violent offenses involving firearms. The officers' investigative techniques were brief and minimally intrusive.

As to the second factor, the officers pursued their investigation diligently because they acted "without unnecessary delay." *See id*. The officers were prompt in carrying out their investigation during the entirety of the stop.

As to the third factor, the scope and intrusiveness of the stop did not exceed the amount reasonably needed by the officers to ensure their personal safety. *See id*. The mere fact that the officers handcuffed Shaw does not mean that the stop evolved into an arrest. *See id*. at 1146-47; *United States v. Kapperman*, 764 F.2d 786, 790

n.4 (11th Cir. 1985) ("[N]either handcuffing nor other restraints will *automatically* convert a *Terry* stop into a *de facto* arrest . . . ."); *United States v. Hastamorir*, 881 F.2d 1551, 1557 (11th Cir. 1989) (holding that the handcuffing of three detainees did not convert a *Terry* stop into an arrest because the officers "reasonably believed that the [detainees] presented a potential threat to their safety"). The officers in this case had a reasonable belief that Shaw presented a potential threat to their safety such that his handcuffing did not convert the *Terry* stop into a *de facto* arrest because the officers knew that Shaw had a criminal history of violent offenses involving firearms, and one of the officers observed Shaw trying to hide something behind his back while he was in his car. Nor did the officers' direction for Shaw to get out of his car convert the stop into an arrest. *See United States v. Roper*, 702 F.2d 984, 987 (11th Cir. 1983) ("[I]t is clear that an investigative stop does not become an arrest merely because an officer directs the subject of an investigation out of a vehicle.").

As to the fourth factor, the duration of Shaw's detention was reasonable. Only a few minutes passed between when Shaw was stopped and when he made the statements about the gun. We have held that *Terry* stops of much longer duration were reasonable. *See, e.g.*, *Acosta*, 363 F.3d at 1147-48 (30 minutes); *United States v. Hardy*, 855 F.2d 753, 761 (11th Cir. 1988) (50 minutes); *United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000) (75 minutes).

Considering all of these factors and the totality of the circumstances, we conclude that the March 8, 2022, stop did not evolve into an arrest requiring *Miranda* warnings as of the time that

24-10266          Opinion of the Court          9

Shaw made the statements about the gun.  We also conclude that the *Terry* stop did not constitute custody for purposes of *Miranda* without evolving into an arrest.  *See Acosta*, 363 F.3d at 1149-50 (holding that a *Terry* stop did not constitute custody for purposes of *Miranda* where the stop occurred in public during the daytime, no weapons were pointed at the detainee, the detainee remained standing and was not handcuffed or placed into a police car, no physical force was used against the detainee, and the detainee was assured he was not under arrest); *see also Howes v. Fields*, 565 U.S. 499, 510 (2012) ("[A] person detained as a result of a traffic stop is not in *Miranda* custody because such detention does not 'sufficiently impair [the detained person's] free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights.' . . . [T]he 'temporary and relatively nonthreatening detention involved in a traffic stop or *Terry* stop does not constitute *Miranda* custody.'" (second alteration in original) (quoting *Berkemer*, 468 U.S. at 437, and *Maryland v. Shatzer*, 559 U.S. 98, 113 (2010))).

Shaw asserts that the stop evolved into *Miranda* custody specifically because the officers discovered marijuana in his pocket. He reasons that the stop became *Miranda* custody at that point because the officers then had probable cause to arrest him.

We disagree.  No precedent supports the proposition that a stop is transformed into *Miranda* custody as soon as officers obtain probable cause to arrest the detainee.  In fact, the Supreme Court has rejected a similar argument.  *See Berkemer*, 468 U.S. at 435 n.22

("The threat to a citizen's Fifth Amendment rights that *Miranda* was designed to neutralize has little to do with the strength of an interrogating officer's suspicions. And, by requiring a policeman conversing with a motorist constantly to monitor the information available to him to determine when it becomes sufficient to establish probable cause, the rule proposed by respondent would be extremely difficult to administer.").

Further, Shaw's argument is contrary to the fact that the *Miranda* custody analysis is an objective one based on the conditions of the detention. *See United States v. Lall*, 607 F.3d 1277, 1284 (11th Cir. 2010) ("The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant." (quotation marks omitted)). If all objective circumstances point to the conclusion that a detention did not constitute *Miranda* custody, it would not make sense to conclude that the detention did in fact constitute such custody simply because the officers had probable cause to arrest the detainee.

For the above reasons, the officers were not required to provide *Miranda* warnings to Shaw before eliciting his statements about the gun during the March 8, 2022, stop. Therefore, the district court did not err by denying Shaw's suppression motion.

C. *Sentence*

Lastly, Shaw argues that his sentence is substantively unreasonable because the district court placed an improper weight on his criminal history in disregard of his guideline range and mitigating

evidence.  Specifically, he asserts that the district court abused its discretion in its consideration of his criminal history because it failed to account for a "steady and substantial decrease in the rate of [his] burglary/robbery type conduct following his release from prison in 2006."  Shaw does not challenge the propriety of the district court's decision to depart upward, so we focus our analysis of Shaw's sentence based on his guideline range after the court increased it under U.S.S.G. § 4A1.3(a).

The district court discussed in depth all of the 18 U.S.C. § 3553(a) sentencing factors and Shaw's arguments in support of a lower sentence.  Given the deference we must afford to the district court in its weighing of the sentencing factors, we cannot say that the court abused its discretion by concluding that an upward variance was warranted.  *See United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc) ("A district court's sentence need not be the most appropriate one, it need only be a reasonable one. We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."); *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) ("In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." (quotation marks omitted)); *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) ("Because of its institutional advantage in making sentence determinations, . . . a district court has considerable discretion in deciding whether the § 3553(a) factors justify a

variance and the extent of one that is appropriate." (quotation marks omitted)).

More specifically, the district court did not abuse its discretion by giving great weight to Shaw's criminal history and the need for deterrence over his guideline range and mitigating evidence. *See Shaw*, 560 F.3d at 1237 (explaining that a district court "is permitted to attach 'great weight' to one factor over others" (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007))); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015) ("District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed."); *United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012) (rejecting an argument that a district court gave undue weight to a defendant's substantial criminal history over his guideline range). Further, the district court's assessment of the seriousness of Shaw's criminal history and his risk of recidivism did not constitute an abuse of discretion even if Shaw is correct that his burglary and robbery conduct decreased since 2006. *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) ("[D]iscretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history."); *Rosales-Bruno*, 789 F.3d at 1261.

For these reasons, Shaw's sentence is not substantively unreasonable.

## III. CONCLUSION

The district court did not err by concluding that 18 U.S.C. § 922(g)(1) is constitutional under the Second Amendment.

Further, the district court did not err by denying Shaw's motion to suppress.  Lastly, the district court did not abuse its discretion in imposing an upward-variance sentence based on Shaw's criminal history.  Accordingly, we affirm Shaw's conviction and sentence.

**AFFIRMED.**