67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CEDARS-SINAI MEDICAL CENTER, Plaintiff-Appellant,
v.
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-55065.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1995.
Decided Sept. 21, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-appellant Cedars-Sinai Medical Center ("Cedars") seeks benefits alleged to be due under an insured employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. Sec. 1001 et seq. Cedars appeals a judgment entered in favor of defendant-appellee Massachusetts Mutual Life Insurance Company ("MassMutual") in the district court. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 FACTS
 
 4
 MassMutual was the insurer of an ERISA plan (the "MassMutual plan") issued to the Good Guys, Inc. ("Good Guys"). The MassMutual plan required that all medical care be provided by an "exclusive provider organization" ("EPO"), unless a medical emergency existed. In the event of a medical emergency, the MassMutual plan required notification to an EPO within 48 hours (the "48-hour rule").
 
 
 5
 John Gambardella ("John"), an employee of Good Guys, obtained dependent coverage under the MassMutual Plan, which became effective October 1, 1990. At that time, his wife, Jane Gambardella ("Jane"),[1] was pregnant. The MassMutual plan would cover costs of the newborn as a dependent from the moment of birth.
 
 
 6
 Jane's own employee benefit plan, issued by CIGNA (the "CIGNA plan"), covered costs of both the pregnancy and care for the newborn from the moment of birth. Under the CIGNA plan, Jane was required to receive medical care from Cedars. Cedars was not an EPO under the MassMutual Plan.
 
 
 7
 When dependents are covered by more than one insurance policy, such as the Gambardellas' newborn, the insurance industry has developed a coordination of benefits system to determine which policy will serve as primary insurer to avoid double recovery. Under the "birthday rule," incorporated into both the CIGNA and MassMutual plans, the plan for the insured whose birthday falls earlier in the year is the primary insurer. Both parties agree that John's birthday fell earlier in the year; thus, MassMutual was the primary insurer for the newborn.
 
 
 8
 At Cedars on January 20, 1991, Jane gave birth to a daughter, Marina, prematurely born after only 26 weeks gestation. Due to complications arising from her premature birth, Marina remained hospitalized at Cedars until June 17, 1991.
 
 
 9
 At the time Jane was admitted to the hospital, John assigned to Cedars all medical insurance benefits that would otherwise be payable to him. He did not, however, specifically tell Cedars about his coverage under the MassMutual plan. In March, 1991, Cedars first learned of the MassMutual plan. Neither the Gambardellas nor Cedars informed a MassMutual EPO of Marina's birth until after her release from the hospital.
 
 
 10
 In August, 1991, Cedars contacted MassMutual for the first time regarding Marina's care and submitted a claim for $654,227.61. MassMutual denied the claim asserting that the costs were not covered because the treatment was not provided by an EPO and because an EPO was not notified within 48 hours of the medical emergency (Marina's birth), as required by the 48-hour rule.
 
 
 11
 On November 5, 1991, CIGNA paid all charges for the care of Marina pursuant to Jane's coverage under the CIGNA plan. CIGNA paid Cedars $177,219.00, which covered all services rendered to Marina pursuant to a previously negotiated discount rate. Cedars stipulated that this payment extinguished the Gambardellas' debt to Cedars.
 
 
 12
 In March, 1992, Cedars, as John's assignee under the MassMutual Plan, commenced this action against MassMutual. Cedars contended that MassMutual, as primary insurer of Marina, was obligated to pay the costs of her care at a non-discounted rate totalling $654,227.61. MassMutual defended on the ground that the Gambardellas failed to comply with the 48-hour rule. MassMutual also argued that Cedars had no right of recovery as John's assignee because CIGNA's payment to Cedars discharged the Gambardellas' debt.
 
 
 13
 Following a bench trial, the district court entered judgment in favor of MassMutual. The court first adopted California's "notice-prejudice" rule, under which it found that MassMutual could not deny the claim on the basis of the Gambardellas' failure to comply with the 48-hour rule. The court found that Marina could not have been safely transferred from Cedars until her release in June; thus, that the failure to notify an EPO of the medical emergency did not prejudice MassMutual. The court then went on to find, however, that the Gambardellas' debt to Cedars was fully discharged by CIGNA's payment. There being no remaining indebtedness, the court concluded that Cedars could not recover anything as John's assignee.
 
 STANDARD OF REVIEW
 
 14
 We review the court's legal conclusions de novo, and factual findings for clear error. See In re: Tamen, 22 F.3d 199, 203 (9th Cir.1994).
 
 DISCUSSION
 
 15
 The issue in this case is whether the court erred in concluding that CIGNA's payment extinguished any obligation John had to Cedars for the costs of Marina's care. Cedars argues that because MassMutual was the primary insurer of Marina under the birthday rule, any payment by CIGNA, the secondary insurer, cannot be considered in determining the amount of the primary insurer's obligation. See e.g., United Ben. Life Ins. Co. v. United States Life Ins. Co., 36 F.3d 1063 (11th Cir.1994) (secondary insurer responsible only for expenses that exceed limit of primary insurer).
 
 
 16
 Cedars points to language in MassMutual's plan which provides that, as the primary insurer, MassMutual will determine benefits "before those of the other plan and without considering the other plan's benefits." (Summary Plan Description, E.R. 218.) Cedars argues that the court's consideration of the CIGNA payment failed to give effect to this primary insurer provision. Further, Cedars argues that the failure to effectuate this provision denied John the benefit of the MassMutual plan and impaired his contractual rights under the plan. There was no error.
 
 
 17
 Cedars is seeking to recover against MassMutual as the assignee of John. In Misic v. Building Serv. Employees Health and Welfare Trust, 789 F.2d 1374, 1377 (9th Cir.1986), we held that assignments of benefits due under an ERISA plan are valid. We also stated, however, that "an assignment cannot create rights not held by the assignor." Id. at 1378, n. 4. Rather, "the assignee stands in the shoes of the assignor" and may raise only those claims that the insured-assignor could raise in a direct action. Id.
 
 
 18
 Under these assignment principles, Cedars' rights against MassMutual extend only so far as John's rights extend. Thus, the determination of whether John has any right of recovery against MassMutual for the medical care of his daughter is entirely determinative of Cedars' claims. The relevant inquiry, therefore, is whether John had any ground to bring an action against MassMutual to enforce the primary insurer provision.
 
 
 19
 Health insurance is an undertaking to indemnify another for losses caused by illness. Haynes v. United States, 353 U.S. 81, 83 (1957). Because health insurance is a contract to indemnify, courts have found that insurers are not obligated to provide coverage under a policy when the insured has no obligation to pay for medical services. See, e.g., United States v. Metropolitan Life Ins. Co., 683 F.2d 1250 (9th Cir.1982) (insurer not required to reimburse hospital for free care provided to insured); Margolis v. Prudential Ins. Co., 629 F.Supp. 195, 198 (D.C.Cir.1985) (insurer not required to pay insured when medical provider has waived payment).
 
 
 20
 The parties agree that the CIGNA payment discharged the Gambardellas' debt to Cedars. Once Cedars unconditionally accepted the CIGNA payment, John had no claim against the MassMutual plan because he was no longer obligated to pay for medical services. As John's assignee, Cedars also has no grounds to enforce the terms of the MassMutual plan.
 
 
 21
 Cedars argues that allowing MassMutual to ignore the terms of the primary insurer provision deprives John of the benefit of the MassMutual plan. This argument, however, fails to account for the unique nature of medical insurance. John may not recover against MassMutual unless he owes Cedars money. Because John is not indebted to Cedars, he suffered no monetary loss by MassMutual's actions and, therefore, was not damaged. See, e.g., FSLIC v. Musacchio, 695 F.Supp. 1044, 1049 (N.D.Cal.1988) (plaintiff must establish fact of damage resulting from a breach in order to prevail). Thus, Cedars contention that John did not receive the benefit of the bargain is misplaced, because John had no grounds upon which to enforce the plan. He has not been deprived of any element of his bargain.
 
 
 22
 Similarly, Cedars' argument that consideration of the CIGNA payment impaired John's rights under the MassMutual plan must also fail. Under the policy, John had the right to be indemnified by MassMutual for medical expenses he was legally obligated to pay. CIGNA's payment to Cedars eliminated any indemnifiable loss on the part of John. Thus, the court's ruling in no way impaired his rights under the MassMutual plan.
 
 
 23
 The district court correctly concluded that Cedars' acceptance of the CIGNA payment as payment in full discharged the Gambardellas' debt to Cedars. This discharge extinguished any right that John otherwise may have had to indemnification by MassMutual. As John's assignee, Cedars has no greater rights. The district court did not err in awarding judgment to MassMutual.
 
 
 24
 Because we affirm the judgment in MassMutual's favor, we do not consider MassMutual's additional argument that the district court erred in applying California's "notice-prejudice" rule as a part of federal common law under ERISA.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 John and Jane Gambardella are referred to together as the "Gambardellas."