[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11435

_____

D. C. Docket No. 01-00470-CR-01-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND MATHIS,
a.k.a. Fat,
a.k.a. Fats,
a.k.a. John Davis,
a.k.a. Leroy Mathis,
a.k.a. John David,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 14, 2007)**

Before TJOFLAT, BLACK and EBEL,[*] Circuit Judges.

PER CURIAM:

_____

[*] The Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Roland Mathis appeals his convictions and sentence imposed after a jury convicted him of (1) 2 counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii); (2) conspiracy to possess with the intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (vii) and 846; (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and (4) 11 counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Mathis raises seven issues on appeal. Three issues pertain to his trial, two issues pertain to his sentencing, and two issues concern the jury's verdict. We address each issue in turn.

## I. TRIAL

A. <u>Right to an Evidentiary Hearing</u>

Mathis first contends the district court should have granted him an evidentiary hearing to challenge the constitutionality of the search of his closed duffle bag from the trunk of an automobile. The district court refused Mathis an evidentiary hearing on whether the search violated the Constitution because the court found the search was supported by probable cause. Mathis contends the facts were insufficient to support a finding of probable cause. We disagree.

A district court's denial of a motion to suppress is reviewed as a mixed question of law and fact. *United States v. Gil*, 204 F.3d 1347, 1350 (11th Cir. 2000). We review the court's factual findings for clear error, and its application of

2

law to those facts *de novo*. *Id.* The district court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *United States v. Mena*, 863 F.2d 1522, 1528 (11th Cir. 1989). Where record testimony demonstrates probable cause for the search existed, reversal is not warranted. *See id*.

"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173 (1982). Every part of the vehicle and its contents has been construed to include all containers within a car regardless of ownership. *California v. Acevedo*, 500 U.S. 565, 572, 111 S. Ct. 1982, 1987 (1991). In addition, if law enforcement has probable cause to believe a package within a car contains evidence or contraband, they may conduct a warrantless search of the package, even if they do not have probable cause to search the entire car. *Id.* at 580, 111 S. Ct. at 1991. Probable cause exists "when the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband." *United States v. Alexander*, 835 F.2d 1406, 1409 (11th Cir. 1988).

At trial, the record testimony demonstrated probable cause existed that the duffle bag contained proceeds from a drug transaction. Agents had knowledge of an anticipated drug deal, watched two men exchange the duffle bag, and later saw Mathis with the duffle bag. The agents then watched the duffle bag being placed in

3

the trunk of the Lexus automobile subjected to the search. Taken together, these facts were sufficient to lead a reasonably prudent person to believe the duffle bag contained contraband. *See id.* Thus, reversal is not warranted because record evidence demonstrated probable cause existed to search the automobile. *Mena*, 863 F.2d at 1528.

B.    Proffer Agreement

Mathis next asserts statements made to the Government under a proffer agreement should have been excluded pursuant to derivative-use immunity. Mathis contends that his conviction on Count Five should be vacated because the Government obtained and used evidence uncovered directly from his proffer, and not from derivative sources, relying on *Kastigar v. United States*, 406 U.S. 441, 92 S. Ct. 1652 (1972). The district court ruled that because the Government did not grant Mathis any immunity related to the proffer, a *Kastigar* hearing was unnecessary. We agree.

The interpretation of a proffer agreement is generally controlled by principles of contract law. *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998). When the district court interprets a contract without reference to extrinsic evidence, we review the interpretation *de novo*. *United Benefit Life Ins. Co. v. United States Life Ins. Co.*, 36 F.3d 1063, 1065 (11th Cir. 1994).

In *Pielago*, the proffer agreement provided:  "The government also expressly reserves the right to pursue any and all investigative leads derived from . . . statements or information and use such derivative evidence in any criminal or civil proceeding against her and/or others."  135 F.3d at 710.  We concluded this provision did not conflict with an earlier provision providing:  "No information or statement provided . . . may be used against [her] in this case or any other criminal investigation."  *Id.*  Mathis's proffer agreement contained almost *verbatim* the two sentences in *Pielago*, which were held to allow the government to use anything derived from the proffer agreement except the defendant's statements and information making up the proffer.  *Id.*  Here, the Government used facts derived from the statements and not "statements and information which made up [Mathis's] proffer."  *See id.*  Thus, the district court's ruling was not in error.

C.    Count Six & Duplicity

Mathis contends the district court erred in failing to require the Government to select the subsection of 18 U.S.C. § 1956(a)(1) under which it intended to proceed.  Mathis argues Count Six was duplicitous because it charged two separate crimes, violations of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(A)(ii).  Count Six charged Mathis with conspiracy to commit money laundering and cited both subsections of § 1956(a)(1).

We review a trial court's decision that a conspiracy charging two objectives is not duplicitous *de novo*. *See United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989). While it is true that a count in an indictment may not charge two substantive crimes, it has long been the law that a conspiracy may have two objectives. *See Braverman v. United States*, 317 U.S. 49, 54, 63 S. Ct. 99, 102 (1942) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'").

In this case, the conspiracy count simply charged two objectives for the conspiracy, not duplicitous offenses. The trial court so instructed the jury; therefore, no error occurred.

## II. SENTENCING

Mathis makes two separate, but interrelated sentencing arguments. First, Mathis contends the district court erred when it applied a statutory enhancement to his mandatory minimum sentence on the basis that he committed a prior felony drug offense. Specifically, he claims the district court erred in applying the 21 U.S.C. § 841 sentencing enhancement to his drug counts because his 1987 state conviction was vacated before he was convicted and sentenced in this case, and he was not seeking to attack the prior conviction's validity because it had already been vacated. Second, Mathis asserts the district court violated his constitutional

6

rights under the Ex Post Facto Clause by sentencing him pursuant to the 2005 Guidelines Manual.

These claims are interrelated because, as discussed below, if we uphold the district court's use of the 2005 Guidelines Manual, any district court error regarding its statutory sentencing enhancement would be harmless because the district court still would have sentenced Mathis at or above the enhanced statutory minimum. The district court sentenced Mathis to 240 months' imprisonment for the money laundering counts, which is the same amount as the enhanced statutory minimum for the drug counts. For sentencing claims, we review a district court's factual findings for clear error, and the district court's application of the law to those facts is reviewed *de novo*. *United States v. Cover*, 199 F.3d 1270, 1274 (11th Cir. 2000). We will first examine whether the district court erred in using the 2005 Guidelines Manual.

A. 2005 Guidelines Manual

"The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). If the use of the Guidelines Manual in effect on the date the defendant is sentenced violates the Ex Post Facto Clause, the court must use the Guidelines Manual in effect on the date the defendant committed the offense of conviction. U.S.S.G. § 1B.1.11(b)(1). The Ex Post Facto Clause protects people against being punished for conduct that was not

7

criminal when they engaged in it, being punished more severely than their crime was punishable for when committed, or being deprived of defenses then available. *United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001). The defendant does not get the benefit of using multiple Guidelines Manuals; rather, one manual is used to sentence the defendant for all crimes. *United States v. Bailey*, 123 F.3d 1381, 1403-04 (11th Cir. 1997). In a conspiracy, this rule operates to put a defendant on notice that he will be sentenced under the Guidelines in effect at the time of the last acts of the conspiracy. *Id.* at 1405.

The 2000 Guidelines Manual provided an offense level of 23 for money laundering while the 2001-2005 Guidelines Manuals provided an offense level of 38 for the same offense. *See* U.S.S.G. § 2S1.1(a) (2000); § 2S1.1(a) (2001-2005); 2D1.1(c)(1) (2001-2005).[1] Therefore, if the district court incorrectly used the 2005 Guidelines Manual, it may have violated Mathis's rights under the Ex Post Facto Clause.[2]

_____

[1] The base offense level for money laundering offenses is the level of the underlying offense from which the funds were derived, which in this case is the offense level for drug offenses specified in U.S.S.G. § 2D1.1(c)(1). *See* U.S.S.G. § 2S1.1(a)(1).

[2] We say "may have" here as opposed to "violated" because, post-*Booker*, it is not clear that using one Guidelines Manual over another violates the Ex Post Facto Clause, even when using different Guidelines Manuals would produce divergent sentences. *Booker* made the Sentencing Guidelines advisory as opposed to mandatory. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Because the Guidelines are advisory, it is difficult to say the Guidelines, rather than the district court exercising discretion, are the source of the harsher punishment when the district court consults, in an advisory manner, the current version of the Guidelines. *See generally United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (noting "a rule that a guidelines change cannot be applied retroactively if it would be adverse to the

To prevail on this claim, Mathis must demonstrate that the district court clearly erred when it found the conspiracy continued past November 1, 2001, the effective date of the 2001 Guidelines Manual. Mathis fails to make this showing. He argues he withdrew from the conspiracy in July 2001, when he surrendered to law enforcement. While it is true he surrendered, there were sufficient facts showing that Mathis continued to launder money past November 1, 2001. Specifically, Mathis purchased two automobiles, one of which the jury convicted Mathis of purchasing with proceeds from drug sales. Thus, we conclude the district court did not err in using the 2005 Guidelines Manual.

B.     21 U.S.C. § 851(e)

Section 841(b)(1)(A)(ii) states, "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." A defendant cannot challenge the validity of the prior conviction if it "occurred more than five years before the date of the

---

defendant would have in the long run a purely semantic effect. Instead of purporting to apply the new guideline, the judge who wanted to give a sentence based on it would say that in picking a sentence consistent with section 3553(a) he had used the information embodied in the new guideline."). We do not conclude one way or another that, after *Booker*, a district court can never violate the Ex Post Facto Clause by using the current Guidelines Manual, because we are not required to and the argument is not properly before us. Because we conclude the district court was correct, under our *pre-Booker* precedent to use the 2005 Guidelines Manual, we will leave this question to a panel that is required to answer it and where the Government raises the argument in the district court and briefs it to this Court.

information alleging such prior conviction." 21 U.S.C. § 851(e).  Mathis does not

argue that his prior state court conviction would not qualify him for an

enhancement or that his prior conviction occurred more than five years before the

information alleging such in this case.  Rather, Mathis argues the fact his

conviction was vacated in the interim between the date of the information and the

date of his sentencing makes it inappropriate for the district court to enhance his

sentence.

We recognize this is a close issue[3] but one we ultimately do not need to

reach because we conclude the district court did not err in using the 2005

Guidelines Manual.  The district court sentenced Mathis to 240 months'

imprisonment for the money laundering counts, and Mathis does not challenge that

---

[3] Mathis adopted his argument from *United States v. McChristian*, 47 F.3d 1499, 1502-03 (9th Cir. 1995) (holding § 851(e) does not preclude a simple showing that a prior conviction has been invalidated in a state court proceeding).  The Ninth Circuit borrows its reasoning from *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732 (1994).  In *Custis*, the Supreme Court discussed the policy behind the Armed Career Criminal Act, in particular 18 U.S.C. § 924(e).  The Supreme Court construed § 924(e) as restricting a defendant's ability to challenge a previous weapons conviction.  *Id.* at 497, 114 S. Ct. at 1739.  The Court held section 924(e) prevents a court from reviewing an underlying conviction unless a defendant was claiming a violation to the right of counsel.  *Id.* at 495, 114 S. Ct. at 1738.  Unlike the drug offender sections, however, the Armed Career Criminal Act contains a definition of conviction precluding a "conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . ."  18 U.S.C. § 921(a)(20).  We note there is some doubt over whether the reasoning in *Custis*, on which the Ninth Circuit relied to allow a showing that a prior conviction had been invalidated, should apply to a drug offender, where the drug-offender statute does not define conviction.  We decline to decide this issue at this time, however, because Mathis admits that any error is harmless if we uphold the district court's use of the 2005 Guidelines Manual.

sentence as unreasonable. Therefore, even if we determined the § 841 enhancement was in error, that error would be harmless because the district court's valid 240-month sentence for money laundering is equal to the statutory minimum § 841 would proscribe. Mathis admits that any error is not prejudicial, and therefore, we will not reach the merits of this issue.

### III. JURY VERDICT

Mathis makes several challenges to the jury's verdict. First, he challenges the sufficiency of the evidence the district court found to deny him a directed verdict as to Counts 7, 14, and 33, and, second, Mathis challenges the sufficiency of the evidence the jury found to sustain a verdict against him on the money laundering and substantive drug counts. Because Mathis did not renew his motion for acquittal after the close of all evidence, these claims are reviewed for a miscarriage of justice. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (holding, where a defendant never makes a motion for judgment of acquittal or fails to renew it at the close of all evidence, a claim of insufficiency of the evidence is reviewed for a manifest miscarriage of justice). We conclude no miscarriage of justice occurred and affirm.

## IV. CONCLUSION

Based on the above discussion, we conclude the district court did not err and that no miscarriage of justice occurred. We affirm Mathis's convictions and sentence.

**AFFIRMED.**