[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15585
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-00169-CV-JTC-1,
01-00470-CR-01-JTC-1

ROLAND MATHIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 21, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Roland Mathis, a federal prisoner proceeding *pro se*, appeals from an order

denying his motion to vacate his sentence under 28 U.S.C. § 2255. The issue

certified for appeal is whether Mathis received ineffective assistance of counsel

when his attorney on direct appeal failed to argue that Mathis's sentencing

enhancement under 21 U.S.C. §§ 841 and 851 increased his minimum term of

supervised release from five to ten years.[1]

I. Background

In 2004, Mathis was convicted in federal court of several drug and money-

laundering offenses. After he was indicted, the government filed an information

notifying Mathis that it would seek a sentencing enhancement based on a 1987

state felony drug conviction.[2] Mathis then returned to state court and succeeded in

having the state conviction vacated. Once the state conviction had been vacated,

Mathis objected to the sentencing enhancement by arguing that there was no longer

any conviction on which to base an enhanced sentence. The government

responded that Mathis was barred from challenging the validity of the state

---

[1] Mathis raises other issues in his appeal that we need not address because they were not included in the certificate of appealability. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

[2] If a person is convicted under 21 U.S.C. § 841(a) for an offense involving five or more kilograms of cocaine—as was Mathis—he or she must be sentenced to no less than ten years' imprisonment and at least five years' supervised release. 21 U.S.C. § 841(b)(1)(A). If that same defendant also has a prior felony drug conviction, his or her minimum sentence increases to twenty years' imprisonment and ten years' supervised release.

conviction because it was more than five years old when the government filed its information.[3]  The district court rejected Mathis's argument and applied the enhancement, sentencing him to concurrent terms of 260 months' imprisonment and ten years of supervised release on the drug counts.  Mathis also received concurrent sentences of 240 months' imprisonment and three years of supervised release on the money-laundering charges.

Mathis raised his sentencing-enhancement argument on direct appeal, but a panel of this court concluded that any error from the enhancement was harmless because the enhanced statutory minimum was equal to the term of imprisonment Mathis received for his conviction on the money-laundering charges, which he had not challenged.  *United States v. Mathis*, 239 Fed. App'x 513, 518 (11th Cir. 2007).  Mathis now argues that he received ineffective assistance from his appellate counsel because his lawyer failed to inform this court that the enhancement also resulted in a higher minimum term of supervised release.

II.  Standard of Review

We review an ineffective-assistance-of-counsel claim on appeal from a district court's denial of a § 2255 motion *de novo*.  *Gordon v. United States*, 518

---

[3]  21 U.S.C. § 851(e) ("No person who stands convicted of an offense under [21 U.S.C. § 841] may challenge the validity of any prior conviction alleged under this section [that] occurred more than five years before the date of the information alleging such prior conviction.").

F.3d 1291, 1296 (11th Cir. 2008). To demonstrate that his counsel was ineffective, Mathis must prove both that his counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mathis must show that his attorney's performance fell below an objective standard of reasonableness in light of prevailing professional norms to establish deficient performance. *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009). To establish prejudice, Mathis must prove by a reasonable probability that but for his counsel's errors, the outcome of his case would have been different. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). If the defendant cannot show deficient performance, we need not consider whether he was prejudiced. *Id.*

III. Discussion

Mathis argues that his appellate counsel's performance was deficient because he failed to inform this court that the sentencing enhancement increased Mathis's minimum term of supervised release from five to ten years. Although Mathis's counsel did not specifically detail how his client was affected by the sentencing enhancement, he did object to the enhancement generally. And this general objection alerted this court to both the higher minimum term of imprisonment and the higher minimum term of supervised release. Mathis's

4

counsel was not required to go any further and spell out how the enhancement affected his client. And when viewed in the context of Mathis's case, his lawyer's decision not to do so seems not only reasonable but wise.

Mathis's enhancement argument was a novel one in this circuit. The only authority he had to support the argument was not binding, and even that cases's reasoning was suspect as it was issued over a very strong dissent. *See United States v. McChristian*, 47 F.3d 1499 (9th Cir. 1995). That Mathis's counsel devoted no more of his brief than necessary to sufficiently raise the argument and instead focused on other, stronger arguments was well within the bounds of competent and effective representation. *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) ("[E]xperienced advocates . . . have emphasized the importance of winnowing out weaker arguments on appeal. . . ."). As such, his counsel's performance was not deficient and we need not consider prejudice. *Holladay*, 209 F.3d at 1248. Accordingly, the judgment of the district court is **AFFIRMED.**