[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13201
Non-Argument Calendar

_____

D.C. Docket Nos. 1:13-cv-01585-MEF; 1:01-cr-00470-MEF-1

ROLAND MATHIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 22, 2015)

Before JORDAN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Roland Mathis, a federal prisoner proceeding pro se, appeals the district judge's denial of his motion for appointment of counsel outside the Federal Defender Program ("FDP").  We affirm.

## I.    BACKGROUND

In 2004, a jury convicted Mathis of intentionally distributing at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii); conspiracy to possess with intent to distribute at least five kilograms of cocaine and marijuana, in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h); and money laundering, in violation of § 1956(a)(1)(B)(i).  Former Judge Jack T. Camp sentenced Mathis to 260 months of imprisonment in 2006.  On direct appeal, we affirmed his conviction and sentence.  *United States v. Mathis*, 239 F. App'x 513 (11th Cir. 2007), *cert. denied*, 552 U.S. 1273, 128 S. Ct. 1687 (2008). Mathis moved for habeas relief under § 2255, which the district judge denied, and we affirmed.

In December 2010, Mathis filed a pro se pleading, entitled Motion for Review of Otherwise Final Sentence Pursuant to 18 U.S.C. § 3742(a).  His motion alleged his sentence imposed by former Judge Camp was invalid, because of Judge Camp's misconduct and racial bias.  Mathis requested immediate release from federal prison.

On March 14, 2011, the district judge issued an order explaining that Mathis's allegations of bias and judicial misconduct were too vague and general to warrant a hearing or permit the judge to determine whether relief was appropriate. Therefore, the judge appointed the FDP to consult with Mathis concerning whether a viable motion could be filed. The judge ordered that any motion be filed by August 1, 2011. The order stated: "This Order shall serve as an Order appointing the Federal Public Defender to file the perfected motion if the latter determines that such a motion should be filed. Otherwise, the Defendant, acting *pro se*, may file a perfected motion by August 1, 2011." R. at 4455. On August 1, 2011, Stephanie Kearns of the FDP filed a notice stating, after review of the record in Mathis's case and other information concerning former Judge Camp's alleged bias and mental-health impairment, the FDP would not be filing a motion on Mathis's behalf.

In December 2011, Mathis moved for appointment of counsel under Federal Rule of Criminal Procedure 44(c) and sought new counsel outside the FDP to assist him with seeking a new trial, based on Judge Camp's misconduct and alleged racial bias. Mathis stated the FDP had represented over five witnesses, who had obtained plea bargains to testify against him at his trial[1]; therefore, he

---

[1] Mathis did not name the five witnesses against him he contends the FDP represented at trial. The government identifies Mathis's codefendants and the attorneys who represented them in its brief. Appellee's Br. at 5-7. Other than Jerome Mathis, who was represented by Regina Stephenson of the FDP for his initial appearance only, none of Mathis's codefendants were represented by the FDP. *Id.* at 7.

contended the FDP could not provide him conflict-free representation.  His case was reassigned to Judge Mark E. Fuller in the Middle District of Alabama in 2012, who issued an order informing Mathis of his intent to construe Mathis's various motions as a single § 2255 motion, gave him *Castro*[2] warnings, and ordered Mathis to file any perfected motion.  Mathis then filed a motion for clarification and asked the judge whether his construed § 2255 motion would be successive.  He also explained that the judge previously had ordered the FDP to consult with him, but the FDP had not done so.  He asked the judge what had become of the order appointing the FDP.  The district judge granted Mathis's motion for clarification and explained (1) Mathis already had filed a § 2255 motion that had been denied on the merits; and (2) the FDP had filed a notice that it would not file a motion on Mathis's behalf.  Unless Mathis wished to retain counsel, the judge informed he must proceed pro se.

Mathis then filed a pleading, entitled Statement in Compliance with Court's Order, and asked the district judge to construe his pending motions as a single request for appointment of counsel outside of the FDP.  Mathis also filed an objection to the district judge's construing his motions as a § 2255 motion, because his motions did not directly challenge his conviction or sentence, making them not

---

[2] *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003) (holding a district judge must notify a pro se defendant when it intends to recharacterize an otherwise labeled pleading as a first § 2255 motion, warn the defendant that the recharacterization will restrict "second or successive" motions, and provide the defendant with an opportunity to withdraw or amend the motion).

cognizable under § 2255.  The judge summarily denied Mathis's motion for appointment of counsel.  In denying his motion for appointment of counsel, the judge explained Mathis had no right to appointment of counsel at that stage of the proceedings.  Mathis filed a notice of appeal, which the district judge construed as a motion for a certificate of appealability ("COA") and denied it, as well as Mathis's motion for leave to appeal in forma pauperis ("IFP").

Mathis then moved in this court to proceed without a COA and IFP.  We granted his motion to proceed without a COA; he did not need a COA to proceed, since he was not appealing a final order in a § 2255 proceeding.  *United States v. Mathis*, No. 13-13201 (11th Cir. Feb. 11, 2014).  Because we concluded Mathis's appeal from denial of his motion for appointment of counsel was frivolous, we denied his motion to proceed IFP.  *Id.*   Mathis has appealed the latest denial of his motion for appointment of counsel.

## II.    DISCUSSION

On appeal, Mathis argues the district judge should have appointed him conflict-free counsel outside the FDP.  We review a district judge's decision not to appoint counsel for abuse of discretion.  *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004).  "[D]efendants have a Sixth Amendment right to counsel on direct appeal, but not when they collaterally attack their sentences."  *Id.*; *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

Mathis had no right to counsel at the stage of his proceedings he made the request, because his conviction became final, when the appellate process had become final.  Mathis's conviction became final, when the Supreme Court denied certiorari on March 17, 2008.  *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (recognizing, when a convicted defendant is unsuccessful on appeal and files a petition for certiorari with the Supreme Court, his conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits).  Therefore, the district judge did not abuse his discretion by denying Mathis's motion for conflict-free counsel outside the FDP.

In addition, Mathis has failed to show any actual conflict regarding his counsel.  "[T]o demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's

6

performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 1719 (1980).  The mere possibility of a conflict of interest does not rise to the level of a Sixth Amendment violation.  *Id.*  Joint representation of two defendants does not necessarily result in a conflict of interest.  *See Smith v. Newsome*, 876 F.2d 1461, 1463-64 (11th Cir. 1989) (recognizing joint representation did not prevent effective plea bargaining on behalf of either defendant).  We have established a test to distinguish actual from potential conflict:

> We will not find an actual conflict [of interest] unless appellants can point to specific instances in the record to suggest an actual conflict or impairment of their interests . . . . Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.  If he did not make such a choice, the conflict remained hypothetical.

*Smith v. White*, 815 F.2d 1401, 1404 (11th Cir. 1987).

Although Mathis contends the FDP represented five witnesses who testified against him at his trial, the record establishes only one individual who testified against Mathis at trial, who also was represented by the FDP.  Stephanie Kearns of the FDP was appointed to represent Mathis on March 14, 2011, approximately nine years after Mathis's trial, for the limited purpose of reviewing his case to determine if Mathis had a viable claim relative to former Judge Camp's misconduct and alleged racial bias.  The district judge's order did not require the FDP to do anything more than consult with Mathis and determine whether filing a

7

motion on his behalf was warranted.  Moreover, the judge's order appointing the

FDP makes clear that Mathis was required to proceed pro se, if the FDP

determined that it could not file a viable motion on his behalf.  Per the terms of the

district judge's order, Mathis could have proceeded pro se.  The district judge

correctly denied Mathis's motion to appoint counsel.[3]

**AFFIRMED.**

---

[3] Mathis's reliance on the doctrines of res judicata and law of the case is unavailing.  The doctrine of res judicata or claim preclusion "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir.), *cert. denied*, 134 S. Ct. 61 (2013). Because neither party is seeking to litigate a claim that was or could have been litigated in a prior action between the same parties, res judicata does not apply. *Id.* "[L]aw of the case applies only where there has been a final judgment." *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991) (citation and internal quotation marks omitted).  Because the district judge's March 14, 2011, order was not a final judgment, and Mathis's case remained in the district court's jurisdiction after it issued that order, the law-of-the-case doctrine is inapplicable. *Id.*